# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

APEX TOOL GROUP, LLC,

    Plaintiff,                       :        Case No. 3:13-cv-372

                                          District Judge Thomas M. Rose
   -vs-                                 Magistrate Judge Michael R. Merz
                                  :

DMTCO, LLC, et al.,

    Defendants.

## DECISION AND ORDER DENYING MOTION TO UNSEAL

This case is before the Court on Plaintiff's Motion to Unseal (ECF No. 45). Defendants oppose the Motion (ECF No. 56) and Plaintiff has filed a Reply in support (ECF No. 65). Because this Motion may affect the interests of the United States, the Court ordered service of the Motion on the United States Attorney on Melanie Furry, Chief Pretrial Services Officer.

As to this case, the Motion to Unseal is a non-dispositive pretrial order on which a Magistrate Judge can rule. Because the order sealing the relevant criminal cases (*United States v. Newland*, 3:13-cr-116, and *United States v. Lovelace*, 3:13-cr-117) are assigned to District Judge Black, the Magistrate Judge has sought and received his permission to consider and decide whether to unseal the relevant documents.

The United States Attorney was asked to comment on the Motion, but responded only summarily that "the United States believes that the proper approach to the matter is for the Court to conduct an in camera review of the dockets at issue." (ECF No. 66, PageID 1415). Thus the Government's statement does not speak to the policy issues involved.

1

18 U.S.C. § 3153(c) provides:

> (c)
> (1) Except as provided in paragraph (2) of this subsection, information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential. Each pretrial services report shall be made available to the attorney for the accused and the attorney for the Government.
>
> (2) The Director shall issue regulations establishing the policy for release of information made confidential by paragraph (1) of this subsection. Such regulations shall provide exceptions to the confidentiality requirements under paragraph (1) of this subsection to allow access to such information—
>
> > (A) by qualified persons for purposes of research related to the administration of criminal justice;
> >
> > (B) by persons under contract under section 3154(4) of this title;
> >
> > (C) by probation officers for the purpose of compiling presentence reports;
> >
> > (D) insofar as such information is a pretrial diversion report, to the attorney for the accused and the attorney for the Government; and
> >
> > (E) in certain limited cases, to law enforcement agencies for law enforcement purposes.

Thus the Congress of the United States has provided by statute that information furnished to Pretrial Services officers shall be kept confidential. By providing for certain specified exceptions, the Congress has impliedly excluded others under the maxim e*xpressio unius exclusion altertius.* Congress did not adopt as an exception providing such information when it

might be useful to impeach a diverted defendant in a civil case, even one brought by the victim of the crime.

The confidentiality provisions of the statute are mirrored in regulations adopted by the Director of the Administrative Office for management of the pretrial diversion program. Section 820.40 provides "[a]ll information obtained in the course of making the decision to divert a candidate is confidential, except that written statements may be used by the United States attorney's office for the purposes of impeachment."

Finally, both Defendants were expressly promised confidentiality in the Pretrial Diversion Agreement. Each agreement provided:

> Neither this agreement nor any other document filed with the United States as a result of your participation in the Pretrial Diversion Program will be used against you, except for impeachment purposes, in connection with a prosecution for the above-described offense(s). This agreement and other documents filed with the United States as a result of your participation in the Pretrial Diversion Program may be used against you in a separate criminal prosecution for any violations pursuant to Title 18, United States Code, Section 1001, for giving a false statement.

(Case No. 3:13-cr-116, PageID 15.)

As Plaintiff correctly notes, there is a common-law presumptive right to public access to judicial records (Motion, ECF No. 45, PageID 333, citing *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983), and *Brown & Williamson Tobacco Corp. v. FTC.*, 710 2d 1165 (6th Cir. 1983)). But here that right is overridden by a federal statute which Congress has the undoubted authority to do.

The Motion to Unseal is DENIED.

December 11, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge