IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

APEX TOOL GROUP, LLC,

       Plaintiff,                    :          Case No. 3:13-cv-372

                                     District Judge Timothy S. Black
    -vs-                                    Magistrate Judge Michael R. Merz
                                :

DMTCO, LLC, et al.,

       Defendants.

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL

      This case is before the Court on Plaintiff's Motion to Compel Supplementation of Defendants' Responses to Certain Discovery Requests (ECF No. 47) and Motion to Extend the Discovery Deadline, the Deadline to Reveal the Identity of Expert Witnesses and Provide Copies of Expert Reports, and the Deadline for Dispositive Motions (ECF No. 82).  Defendants oppose the Motion to Compel (ECF No. 77) and Plaintiff has filed a Reply in support (ECF No. 81). Plaintiff reports that, despite making the required inquiry under S. D. Ohio Civ. R. 7.3 regarding extension of deadlines, it received no response from DMTCO or the individual Defendants, although EGI has consented to the extensions (ECF No. 82, PageID 1538-39).

      The Motion to Compel shows Plaintiff served its initial discovery requests on DMTCO and the individual Defendants on December 17, 2014. *Id.*  at PageID 346, ¶ 2.  Correspondence detailed in the Motion demonstrates Plaintiff has complied with Fed. R. Civ. P. 37(a)(1) and S.

D. Ohio Civ. R. 37.1 prior to filing the Motion.  DMTCO and the individual Defendants (collectively, the "DMTCO Defendants") do not dispute Plaintiff's compliance with those Rules.

Instead, the DMTCO Defendants assert that they "have provided sufficient responses where possible to the eight (8) subjects of discovery sought by Plaintiff."  (Response, ECF No. 77, PageID 1469.)

1. Documents and Information Relating to DMTCO Solicitations and Sales since 2009

The DMTCO Defendants resist further discovery of this category of information on the ground that it would be burdensome without demonstrating how that is so.  They claim that they "have disclosed all available telephone records," but do not rebut Plaintiff's claim that they have withheld portions of the telephone records of Duane Newland, all of the telephone records of Malcolm Lovelace, or any purchase or sale documents between DMTCO and EGI for the years 2009-2013.  The DMTCO Defendants have not proven they have complied with the relevant discovery requests.

2. Documents and Information Relating to DMTCO's Financial Condition

Plaintiff lists in its Reply categories of documents it has requested but which the DMTCO Defendants have not produced as follows

> DMTCO's complete tax returns, including attachments, schedules, and statements (See RFP Nos. 4, 6);
> Information in the possession of DMTCO's tax providers (See RFP No. 6);
> DMTCO's financial statements since 2009 (See RFP Nos. 4, 6, 7);
> DMTCO balance sheets from 2009 to date (See RFP Nos. 4, 6, 7);

> Documents showing the reconciliation between DMTCO's cash basis tax return and accrual basis profit and loss statements (See RFP Nos. 4, 5, 6, 7);
> DMTCO's general ledger from 2009-2015 (See RFP Nos. 4, 5, 6, 7, 26);
> DMTCO bank statements and bank statement reconciliations (See RFP Nos. 4, 5, 6, 7, 26);
> DMTCO's invoices and quotations to its customers since its inception (See RFP No. 25);
> All documents which detail DMTCO's costs to make parts (See RFP No. 7).

(ECF No. 81, PageID 1491).

The DMTCO Defendants object that "price quotations made to EGI, or accounts receivable, and/or payable records are not relevant because any sales made to EGI would not have gone to APEX and therefore should not be included in any damages calculation of APEX." (Response, ECF No. 77, PageID 1470.) This relevance objection is overruled based on Plaintiff's having pled an unjust enrichment theory of recovery.

The DMTCO Defendants claim they have provided "tax documentation which is reasonably attainable [sic] by Defendants." *Id.* No explanation is offered of how that differs in quantity from the tax information requested by Plaintiff or why Defendants cannot obtain such documentation from their own tax preparers.

The DMTCO Defendants claim the sought financial information is "unreasonably cumulative," but fail to explain how that is so.

### 3. Communications Among Defendants Related to this Case

Plaintiff's discovery requests sought communications among Defendants related to this case. The DMTCO Defendants respond that the thirty emails they have produced "constitutes [sic] all the communications between the Defendants which are available and relevant. . ."

3

(Response, ECF No. 77, PageID 1472.)  They admit "deleting electronic communications prior to the instigation of the instant lawsuit." *Id.* at PageID 1473.

In its Reply, Plaintiff notes the lack of production of relevant electronic communications by EGI from the following email accounts associated with DMTCO:  dnewland53@gmail.com; mlovelace@woh.rr.com; maldmtco@att.net; and Tony.dmtco@att.net.  The DMTCO Defendants do not explain why responsive email from those accounts is "unavailable."  (Reply, ECF No. 81, PageID 1494.)

**4.     Apex Documents, Things, and/or Information**

Plaintiff's discovery requests sought information from DMTCO and Defendant Duane Newland that would identify any Apex document or thing that is or was at one time in DMTCO's possession and describe how it was acquired, whether it has been destroyed or lost, and whether DMTCO shared it with any other person.  Plaintiff also sought the production of any such items.  The DMTCO Defendants respond that anything meeting that description which they had was seized by the Federal Bureau of Investigation and then provided by the FBI to Plaintiff (ECF No. 77, PageID 1471).

As Plaintiff points out, that response is grossly incomplete and the balance of the information sought is relevant.

**5.     DMTCO's Suppliers, Sourcing Agents, and Vendors**

Plaintiff sought information about DMTCO's suppliers, sourcing agents, and vendors "to determine the scope of Apex's trade-secret and confidential information used by DMTCO" (ECF No. 81, PageID 1497).  While DMTCO has responded that it has disclosed "all suppliers, sourcing agents, and vendors," it has not stated whether its response is qualified by the objection it made to this discovery request.  Fed. R. Civ. P. 34(b)(2)(C) was amended by the Supreme Court, effective December 1, 2015, to require this sort of disclosure.

**6.     Representative Sample of DMTCO Products**

Upon review, the Court finds Plaintiff's request for samples reasonable and DMTCO's response to be inadequate.

**7.     Bases of DMTCO's Affirmative Defenses**

Plaintiff's discovery sought from each individual defendant a detailed description of the factual bases for the affirmative defenses they have pleaded.  Plaintiff quotes each individual defendant as having responded:

> In accordance with the Civil Rules, the Defendant has asserted any defenses that he believes are appropriate at bar. If any of the defenses appear not to be warranted by the evidence as a result of the discovery to be conducted by the parties, the Defendant will delete any defense not warranted by the evidence. Simply stated, the Defendant [Lovelace] does not believe that the Plaintiff has sustained damages resulting from any actions he or any other Defendant may have engaged in. upon receipt of the discovery requested by Defendants, and a review of the same, Defendants may amend the Answer to delete any defense not warranted by existing law.

(ECF No. 81, PageID 1502.)

The DMTCO Defendants oppose the Motion to Compel a further response by relying on *Hoxie v. Livingston Cty.,* No. 09-cv-10725, 2010 WL 2898285 (E.D. Mich. July 14, 2010)(Majzoub, M.J.)  Judge Majzoub read the plaintiff's motion to compel in that case as "in substance a motion to strike insufficient defenses [which] should have been brought pursuant to Fed. R. Civ. P. 12(f)." *Id.*  at *5.  She cites controlling Sixth Circuit precedent labeling such relief as a "drastic remedy." *Id. citing Brown & Williamson Tobacco Corp. v. United States,* 201 F.2d 819, 822 (6th Cir.1953).

Apex has not requested that the affirmative defenses be stricken.  The response of the individual Defendants quoted above is appropriately summarized as "we don't have to."  The Court finds the interrogatory is proper and must be responded to.

**8.     Statements Voluntarily Given to the FBI and/or the United States Attorney's Office**

This portion of the Motion to Compel is denied on the same basis given for denying the Motion to Unseal (ECF No. 45).

**Conclusion**

In accordance with the foregoing analysis, it is hereby ORDERED that the DMTCO Defendants provide the additional discovery found appropriate in this Order not later than February 5, 2016.

January 19, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge
